(Madison County Common Pleas.)

THOMAS ROSS v. THE CITY OF COLUMBUS, O., THE COLUMBUS RAILWAY COMPANY et al.

An injunction pendente lite will not be granted unless the right to it is clear, and unless it be further shown that justice cannot be meted out on final decree if everything be not kept *in statu quo* until final decision.

An injunction pendente lite will not be granted in an action to enjoin a city and an electric railway company, and the city officials from carrying into effect the provisions of an ordinance, granting to such company a new franchise on the ground that the passage of such ordinance was an abuse and in excess of the corporate powers of the city, where it appeared that the provisions of such ordinance were more beneficial to the city and its citizens than was the franchise under which the company was operating before its passage.

If after the bringing of such action for injunction, the alleged illegal ordinance is published as required by law, and the railway company accepts its terms, and upon final hearing the ordinance is declared void, the court has power to set aside the ordinance, cancel all rights and privileges taken thereunder and enjoininng their further enjoyment.

In such an action brought by a citizen on behalf of the city, another citizen will not be granted leave to be made a party defendant and to file an answer and cross-petition no new facts being set up, which cannot be incorporated into plaintiff's petition by amendment.

---

NEWBY, J.

On February 4, 1901, the city council of Columbus, O., passed an ordinance by which the city granted to the Columbus Railway Company the right and privilege to maintain and operate street cars on certain streets of the city theretofore occupied by the railway company for that purpose, for the period of twenty-five years, upon certain conditions stated in the ordinance. Among the conditions named and not heretofore exacted of the company are the following: That the railway company shall sell seven tickets for twenty-five cents, good over all of its lines, and issue transfers on said tickets when demanded, and when the annual gross receipts of the railway company from the operation of all of its lines amounts to the sum of $1,750,000, eight tickets shall be sold for twenty-five cents; that the railway company shall run cars on certain of its lines during all of the twenty-four hours of the day and night; that the railway company shall provide heat for its cars when the temperature falls below 35 degrees Fahrenheit.

The plaintiff, Thomas Ross, brings this suit on behalf of the city of Columbus, to enjoin the city, the railway company, the clerk and the members of the city council from carrying into effect the provisions of said ordinance, having first made a written request to the director of law of said city to bring such suit.

In this suit the court is asked to enjoin the city clerk from publishing said ordinance and to enjoin the railway company from accepting the terms of the ordinance, and from taking any rights thereunder whatsoever. The relief is demanded from the court upon the claim of plaintiff that the passage of said ordinance is an abuse and in excess of the corporate powers of the city. This contention is founded on the claim of the plaintiff that the railway company, although now and for years past it and its predecessors have been operating street car lines on the streets mentioned in the ordinance, has not now nor did it have at the time of the passage of the ordinance, any valid franchise so to use the streets, because it is claimed that many of the original grants were void ab initio, while others, valid at the time the grants were made, have been renewed, and as renewed have expired, and that there is no law authorizing a renewal of a street railway franchise. If this is true, the plaintiff claims that before the city can make a valid grant of a franchise to operate street cars over any of its streets, an invitation must first be made for bids for the lowest cash fare, and the consent of the required number of owners of property abutting on the streets to be covered by the line of railway obtained, and that the grant can be made only to the corporation or persons having bid the lowest sum for the transportation of passengers over its line and having such consents.

Such bids have not been invited by the city of Columbus and such consents have not been obtained by the defendant railway company.

The city and the railway company deny that any of the grants under which the company is now operating are invalid, and they assert the right of the city to renew such grants by the passage of the ordinance in question without having bids of securing consents of property holders along the line. The further claim is made by the railway company, but disputed by the city, that on some of the streets now used by the company in operation of its lines of street railroad its grants to do so are in perpetuity, and hence not subject to be controlled or interfered with by the city.

The question now before the court for determination is shall a temporary injunction be granted enjoining the defendants from doing the alleged illegal acts complained of until the final hearing of the case?

Quite a mass of testimony has been intro-. duced upon the question of facts involved, and the law points arising upon the facts have been fully argued. But from the view I take of the case as now presented, it is unnecessary that I should determine at this time, the prominent issues of fact and law involved.

Only such questions of law and fact will be passed upon as are necessary to be determined in order to reach a conclusion on the question under consideration. The remedy by injunction is an extraordinary one. The jurisdiction to exercise it rests upon the fact that in some cases the law is incapable, of giving adequate relief. Where this is so the chancellor may lay his hand upon the threatened injury and stay its commission. And, as in many cases, the injurious acts might be done before the case could be tried and a decree rendered upon the merits, the power is given to the chancellor to grant a temporary injunction, the office of which is to forbid the doing of the threatened acts until the case can be heard upon its merits, and a final decree rendered. In some cases to deny a temporary injunction and thereby permit the defendant to do the alleged wrongful acts during the pendency of the suit, would be to deprive the plaintiff of relief altogether; because the whole injury might be done before final trial and thus rendering the remedy entirely valueless to the party applying. But the court will always be careful in applying this extraordinary remedy, and will grant it in no case, unless the right to it is clear, and will not grant a temporary injunction unless it be further shown that full justice cannot be meted out on final decree unless everything be kept in statu quo, until the rights about which the controversy arises can be determined.

The question is not alone whether the defendent will be injured by a continuance of the injunction. It must be shown that the rights of the plaintiff are of such a nature that full justice cannot be done him unless the present status of the case be maintained until final hearing.

By a denial of a temporary injunction will the plaintiff and those whom he represents suffer any injury, and will they lose any rights by the railway company accepting the terms of the ordinance and operating under it during the pendency of this suit, which may not be restored to them by a final decree in favor of the plaintiff? Both of these questions must be answered in the negative.

The Columbus Railway company, so far as this suit is concerned, will continue to use the streets of Columbus to operate its street railway until this suit is finally determined, and the only question is whether it will injure the interests represented by the plaintiff to permit said company to operate under the new ordinance until such final determination is reached. The fact is plain from the testimony that the provisions of the ordinance in question are much more favorable to the patrons of the railroad company than are the terms under which the company is now operating. This fact stands admitted by counsel for the plaintiff. They further admit the statement of witnesses and counsel for the defendants that the patrons of the railway company are, under existing conditions, paying daily to the railway company, for transportation, more than three hundred and fifty dollars in excess of what they would have to pay for better and more convenient service under the new ordinance, if it should be accepted by the railway company. It seems to me that the railway company would profit, and that the people of Columbus would lose by tying up all proceedings under this ordinance while this litigation goes on. Counsel for plaintiff say it will probably last for years. If this be true the plaintiff and the people of Columbus cannot complain if they are permitted to enjoy the advantages of the present ordinance until its validity may be determined.

If the ordinance should finally be upheld, it certainly will be a great favor to the people to be permitted to enjoy its benefits while its validity is being tested in the courts. On the other hand, if the ordinance should be finally declared invalid, the people in the meantime will have enjoyed its advantages and will not be prejudiced in their right to secure a more favorable ordinance, if such a thing be possible.

If the restraining order heretofore issued be dissolved and a temporary injunction be refused, I assume the city clerk will publish the ordinance and the railway company will accept its provisions and will thereafter operate its road under this ordinance. It is contended by counsel for the plaintiff that if this done, th railway company cannot be ousted from the rights thus acquired. The ordinance has not gone into effect and it is ineffectual to pass any rights until it has been published according to law.

That a party to a suit during its pendency cannot acquire any rights in the subject matter of the suit which will not be subject to be controlled by the final decision is a legal proposition thoroughly well settled. The ultimate object of this suit is the nullification of ordinance No. 17,801, and the deprivation of the railway company of all rights under it. If upon final hearing the court should be of opinion that the ordinance is void, and that the equities of the case are with the plaintiff, and it should then be made known to the court that since the commencement of the suit the ordinance had been published and its terms accepted by the

railway company, and that the company was operating under it, there is no question but that the court could and would enter a decree setting aside the ordinance and cancelling all rights and privileges taken thereunder, and enjoining the further enjoyment of such rights and privileges.

This certainly would put the matter and the parties in statu quo.

What the effect to estop the citizens of Columbus might be should they stand by, and without objection let the ordinance be accepted by the railway company, and should see it see it make improvements and expend money on the faith of the ordinance, it is not necessary to decide, because the objection of the plaintiff was made in time and the railway company must take notice of it.

The principle of the case cited by counsel in oral argument and in his brief, as having been decided by the circuit court in Columbus is not applicable here. In that case, as I understand it from the statement of counsel, an injunction was asked against the county treasury to prevent his paying money to the decennial appraisers. The injunction was denied in the Common Pleas and the case was taken to the circuit court. Before the hearing came off in the latter court, the injunction having been dissolved, the treasurer paid the amounts in dispute, and upon suggestion of this fact, the court very wisely concluded that there was nothing upon which an injunction could operate and dismissed the case.

The act threatened had been done and an injunction was useless, and there was no relief that could be supplied.

In this case, if relief by injunction cannot be given, equivalent relief can be.

Being of the opinion that no rights of the plaintiff, and those whom he represents, will not be jeopardized by a refusal of a temporary injunction, and that no injury, but a benefit rather will result to the plaintiff, and the patrons of the street railway company by such refusal, an order may be entered setting aside the restraining order heretofore granted and overuling the application for a temporary injunction.

An application is made by one Ellis O. Jones, to become a party defendant to this suit, with leave to file an answer and cross-petition, which he has tendered to the court.

There is no reason why this application should be granted. Mr. Jones is not a necessary, or, in my opinion, a proper party to the determination of the issues presented in this case. If Mr. Jones should be made a party to this case, I see no reason why any other citizen of Columbus may not have equal right to the same privilege. And if the rule is to be that all who ask it may be let in as parties to take part in this litigation, the record might

become seriously burdened with unnecessary parties and pleadings very soon. Mr. Jones in his answer and cross-petition sets up no new facts, with possibly one exception, and as the same counsel who represent the plaintiff appear for Mr. Jones they can secure the benefit of such facts, if found material, by an amendment to the petition of the plaintiff. The application of Ellis O. Jones will be denied.